IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SYDNEY R. BATES, | § | |
| | § | |
| Plaintiff Below, | § | No. 2, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| CAESAR RODNEY SCHOOL | § | C.A. No. N16C-12-235 |
| DISTRICT, CAESAR RODNEY | § | |
| HIGH SCHOOL, and BOARD OF | § | |
| EDUCATION OF THE CAESAR | § | |
| RODNEY SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: January 23, 2019
Decided: March 7, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After considering the notice of appeal from an interlocutory order under Supreme Court Rule 42 and the responses to the notice to show cause, it appears to the Court that:

(1) This interlocutory appeal arises from a Superior Court opinion and order, dated November 30, 2018, granting summary judgment in favor of the defendants below-appellees, Caesar Rodney School District, Caesar Rodney High School, and Board of Education of the Caesar Rodney School District (collectively, "Caesar Rodney"). In her complaint, the plaintiff below-appellant, Sydney R. Bates,

alleged that Caesar Rodney was vicariously liable for Assault and Battery, Gross Negligence, Intentional Infliction of Emotional Distress, and Fraud based on the misconduct of a teacher, defendant below, Richard Howell, II. After considering this Court's decision in *Sherman v. State Dep't. of Public Safety*,[1] the Superior Court held that the § 219 exceptions to § 228 of the Restatement (Second) of Agency did not apply to illegal sexual student-teacher relationships, but even if they did, they would not apply to the facts of this case. The Superior Court also held that Caesar Rodney was entitled to summary judgment on the gross negligence claim.

(2) On December 10, 2018, Bates filed an application for certification of interlocutory appeal. Bates argued that the Superior Court's decision resolved for the first time whether § 219 of the Restatement (Second) of Agency applies to teachers abusing students, the decision conflicted with *Mojica v. Smyrna School District*,[2] review might terminate the litigation as to Caesar Rodney, and review would serve the interests of the justice because it would be inefficient and burdensome for Bates to proceed to trial against Howell before the dismissal of the

---

[1] 190 A.3d 148 (Del. 2018) ("[W]here the provisions of § 219 provide for *respondeat superior* liability, we believe it is sensible to embrace § 219 and hold the State responsible for its officers' commissions of wrongful torts like this while in the course of making and processing valid arrests.").

[2] 2015 WL 13697693 (Del. Super. Ct. Dec. 17, 2015) (denying school district's partial motion to dismiss and holding that the school district could be held vicariously liable for sexual misconduct of teacher under doctrine of *respondeat superior*).

Caesar Rodney defendants was reviewed. Caesar Rodney did not oppose the application.

(3) On December 31, 2018, the Superior Court refused to certify the application for certification.[3] The Superior Court found that the applicability of § 219 to illegal student-teacher relationships was a matter of first impression, but this was insufficient to warrant interlocutory review in light of the other Rule 42 criteria. The Superior Court concluded its decision did not conflict with *Mojica*, which did not address § 219 and depended upon a ruling in a case, *Doe v. State*,[4] that this Court specifically departed from in *Sherman*. The Superior Court also found that review would not terminate the litigation as to Howell and Bates could seek entry of a final judgment as to Caesar Rodney under Superior Court Civil Rule 54(b).

(4) On January 3, 2019, Bates filed the interlocutory appeal in this Court. The Senior Court Clerk issued a notice directing Bates to show cause why this appeal should not be dismissed as untimely because it was not filed within 30 days of the entry of the November 30, 2018 decision on the docket. In response to the notice to show cause, Bates argued that the appeal was not untimely because the decision on appeal was docketed on December 4, 2018, as reflected by a CourtConnect printout. Caesar Rodney agreed with Bates' position.

---

[3] *Bates v. Caesar Rodney*, 2018 WL 7021959 (Del. Super. Ct. Dec. 31, 2018).
[4] 76 A.3d 774 (Del. 2013) (reversing and remanding for jury to determine whether police officer was acting in the scope of his employment when he sexually assaulted arrestee).

(5) On January 30, 2019, Bates filed a motion for reconsideration of its application for certification in the Superior Court. Bates sought reconsideration in light of a Superior Court decision, *Smith v. Liberty Mutual*,[5] that applied *Sherman* in determining whether an insurer had a duty to defend a teacher sued by a student and concluded that the § 219 exceptions were satisfied where the teacher was alleged to have sexually harassed the student. The Superior Court informed the parties that it would take no action on the motion for reconsideration because the interlocutory appeal was presently before this Court.

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[6] We deny this interlocutory appeal, about which there are serious concerns as to timeliness.[7] Under Rule 42(d)(v), we give weight to the trial

---

[5] 2019 WL 193922 (Del. Super. Ct. Jan. 14, 2019).

[6] Supr. Ct. R. 42(d)(v).

[7] In relying upon the CourtConnect docket, which shows that the November 30, 2018 decision was entered on December 4, 2018, instead of the File & Serve docket, which shows that the November 30, 2018 decision was eFiled on November 30, 2018 and accepted by the Superior Court Clerk on December 3, 2018, Bates ignores the reality that both she and the Superior Court used, as they were required to do, File & Serve throughout the case. *See, e.g.*, Superior Court Administrative Directive No. 2007-6 (3) ("Each document which must be filed under the Rules shall be eFiled unless otherwise ordered by the Court."); Superior Court Administrative Directive No. 2007-6 (4) (expanding eFiling, effective January 1, 2008 to all new civil complaints). When the Superior Court transmits the record in a civil case to this Court, the Prothonotary files the File & Serve docket and certifies that the File & Serve docket (not the CourtConnect docket) is the true and correct Superior Court docket. *See, e.g., Rash v. Moculski*, No. 214, 2016, File ID No. 59037339 (Del. May 20, 2016).

Bates also ignores the CourtConnect disclaimer, which states, among other things, that all information provided through the service is provided with no warranties, the information is not guaranteed to be correct, complete or current, and the civil docket report obtained through CourtConnect is not for official use. Delaware State CourtConnect, https://courtconnect.courts.delaware.gov/public/ck_public_qry_main.cp_main_disclaimer?search

judge's assessment of whether the costs of interlocutory appeal are justified. As the trial judge pointed out, he entered summary judgment against the appellant on all its claims against Caesar Rodney. Instead of seeking entry of a partial final judgment that would allow for review of all claims against Caesar Rodney at one time, the appellant has sought review of only one of its theories of relief. Thus, it presents this Court with the possibility that it will return to this Court again against once a final judgment in the case is entered as to all parties, by appealing its loss on its gross negligence claim against Caesar Rodney. We agree with the trial judge that there is no compelling reason to proceed in this unusual and inefficient fashion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the notice to show cause is DISCHARGED and the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

_option=party (last visited March 3, 2019). Under these circumstances, the File & Serve docket is the operative docket for purposes of calculating Bates' appeal time. But we acknowledge the lack of case law and authority directly addressing this issue and do not dismiss the appeal as untimely.